# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| FLIR SYSTEMS, INC., EARL R. LEWIS, | ) |
| JAMES J. CANNON, JOHN D. CARTER, | ) |
| WILLIAM W. CROUCH, CATHERINE A. | ) |
| HALLIGAN, ANGUS L. MACDONALD, | ) |
| MICHAEL T. SMITH, CATHY STAUFFER, | ) |
| ROBERT S. TYRER, JOHN W. WOOD, JR., | ) |
| STEVEN E. WYNNE, TELEDYNE | ) |
| TECHNOLOGIES INCORPORATED, | ) |
| FIREWORK MERGER SUB I, INC., and | ) |
| FIREWORK MERGER SUB II, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on January 4, 2021 (the "Proposed Transaction"), pursuant to which FLIR Systems, Inc. ("FLIR" or the "Company") will be acquired by Teledyne Technologies Incorporated ("Parent"), Firework Merger Sub I, Inc. ("Merger Sub I"), and Firework Merger Sub II, LLC ("Merger Sub II," and together with Parent and Merger Sub II, "Teledyne").

2. On January 4, 2021, FLIR's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with Teledyne. Pursuant to the terms of the Merger Agreement, FLIR's stockholders will receive 0.0718 shares of Parent common stock and $28.00 in cash for each share of FLIR common stock they own.

3. On March 4, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of FLIR common stock.

9. Defendant FLIR is a Delaware corporation and a party to the Merger Agreement. FLIR's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "FLIR."

10. Defendant Earl R. Lewis is Chairman of the Board of the Company.

11. Defendant James J. Cannon is President, Chief Executive Officer, and a director of the Company.

12. Defendant John D. Carter is a director of the Company.

13. Defendant William W. Crouch is a director of the Company.

14. Defendant Catherine A. Halligan is a director of the Company.

15. Defendant Angus L. Macdonald is a director of the Company.

16. Defendant Michael T. Smith is a director of the Company.

17. Defendant Cathy Stauffer is a director of the Company.

18. Defendant Robert S. Tyrer is a director of the Company.

19. Defendant John W. Wood, Jr. is a director of the Company.

20. Defendant Steven E. Wynne is a director of the Company.

21. The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

23. Defendant Merger Sub I is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

24. Defendant Merger Sub II is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

# SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. FLIR is a world-leading industrial technology company focused on intelligent sensing solutions for defense and industrial applications.

26. On January 4, 2021, FLIR's Board caused the Company to enter into the Merger Agreement with Teledyne.

27. Pursuant to the terms of the Merger Agreement, FLIR's stockholders will receive 0.0718 shares of Parent common stock and $28.00 in cash for each share of FLIR common stock they own.

28. According to the press release announcing the Proposed Transaction:

Teledyne Technologies Incorporated (NYSE:TDY) ("Teledyne") and FLIR Systems, Inc. (NASDAQ:FLIR) ("FLIR") jointly announced today that they have entered into a definitive agreement under which Teledyne will acquire FLIR in a cash and stock transaction valued at approximately $8.0 billion.

Under the terms of the agreement, FLIR stockholders will receive $28.00 per share in cash and 0.0718 shares of Teledyne common stock for each FLIR share, which implies a total purchase price of $56.00 per FLIR share based on Teledyne's 5-day volume weighted average price as of December 31, 2020. The transaction reflects a 40% premium for FLIR stockholders based on FLIR's 30-day volume weighted average price as of December 31, 2020. . . .

Approvals and Timing

The transaction, which has been approved by the boards of directors of both companies, is expected to close in the middle of 2021 subject to the receipt of required regulatory approvals, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, approvals of Teledyne and FLIR stockholders and other customary closing conditions.

Advisors

Evercore is acting as exclusive financial advisor and McGuireWoods LLP is acting as legal advisor to Teledyne in connection with the transaction. Goldman Sachs & Co. LLC is acting as exclusive financial advisor and Hogan Lovells US LLP is acting as legal advisor to FLIR in connection with the transaction. Teledyne has

entered into a 364-day senior unsecured bridge facility credit agreement with Bank of America as sole lead arranger and administrative agent.

*The Registration Statement Omits Material Information*

29. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

30. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

31. First, the Registration Statement omits material information regarding the Company's, Teledyne's, and the combined company's financial projections.

32. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA, unlevered free cash flow, and adjusted EPS; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

33. With respect to Teledyne's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

34. With respect to the pro forma company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA, unlevered free cash flow, and adjusted EPS; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

36. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

37. With respect to Goldman's Illustrative Discounted Cash Flow Analysis of the Company, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 6.50% to 9.00% and the perpetuity growth rates ranging from 0.5% to 3.9%; (iii) the terminal values for FLIR; (iv) Goldman's basis for applying an illustrative range of exit terminal year EV/EBITDA multiples ranging from 12.0x to 15.0x; (v) the net debt of FLIR; and (vi) the number of fully diluted outstanding FLIR common stock.

38. With respect to Goldman's Illustrative Present Value of Future Share Price Analysis of the Company, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative next twelve months ("NTM") P/E multiples ranging from 16.0x to 20.0x; (ii) the individual inputs and assumptions underlying the discount rate of 8.25%; and (iii) the cumulative dividends per share expected to be paid to FLIR stockholders in each of the years 2021 to 2024.

39. With respect to Goldman's Selected Transactions Analysis, the Registration Statement fails to disclose: (i) the total values of the transactions; and (ii) the closing dates of the transactions.

40. With respect to Goldman's Premia Analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

41. With respect to Goldman's Illustrative Present Value of Future Share Price Analysis of the combined company, the Registration Statement fails to disclose: (i) Goldman's

basis for applying illustrative NTM P/E multiples ranging from 28.0x to 34.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 8.25%.

42. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

43. Third, the Registration Statement fails to disclose whether the Company executed any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

44. The omission of the above-referenced material information renders the Registration Statement false and misleading.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## **COUNT I**

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and FLIR**

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. FLIR is liable as the issuer of these statements.

48. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

49. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

51. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Teledyne

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and Teledyne acted as controlling persons of FLIR within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of FLIR and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and Teledyne was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

58. Teledyne also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

59. By virtue of the foregoing, the Individual Defendants and Teledyne violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and Teledyne had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 18, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*